EZELL, Judge,
dissenting in part and concurring in part.
hi dissent from the majority’s decision to reverse the trial court’s judgment granting partial summary judgment in favor of Ms. Dugas. I concur with the majority’s denial of Officer Theriot’s and LCG’s writ application.
This intersection of Congress Street and Cajundome Boulevard is a busy, multi-lane intersection at any time of the day. The accident between Officer Theriot and Ms. Dugas occurred on a Friday at 4:25 p.m. Traffic at this time would be extremely congested. Officer Theriot did stop before entering the intersection and engaged his lights and air horn. However, Officer Theriot never made any efforts to stop again and check traffic, even though he knew he was proceeding against a red light. Both experts testified that Officer Theriot got up to a speed of twenty-three miles per hour as he crossed the intersection. This testimony was supported by eyewitness testimony that Officer Theriot appeared to be accelerating through the intersection. Ms. Dugas was proceeding with a green light. Ms. Dugas did not see any emergency lights or hear a siren. Ms. Dugas admitted that vehicles in the left-turning lane were stopped. However, it is reasonable to assume that they were waiting for oncoming traffic to clear before turning left. This would not impede Ms. *1029 Dugas from proceeding directly across the intersection under normal circumstances.
IsWhile Officer Theriot testified he was continuously monitoring traffic, it is clear that the vision of other drivers would be obscured by stopped vehicles. Also, for the same reason, a vehicle approaching the intersection would not have a clear view of the entire intersection. Officer Theriot was in the superior position to know that he was entering the intersection on a red light, creating a hazardous condition. By continuing to accelerate, he gave up the chance to stop and avoid an accident with any car that might not see his car or lights, or hear his siren. Therefore, I agree with the trial court that there is no question of material fact and Ms. Dugas is entitled to partial summary judgment on the issue of liability.